# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   1:20-mj-480
)
THE CELLULAR TELEPHONE ASSIGNED )
CALL NUMBER (513) 258-5180 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.   Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

located in the    Southern    District of    Ohio   , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 875 | Interstate Communications - Threats |
| 18 U.S.C. 2101 | Inciting a Riot |

The application is based on these facts:
See Affidavit in Support of Application for Search Warrant.  To ensure technical compliance with 18 U.S.C. 3121-3127, the requested warrant will also function as a pen register order.  I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration.  See 18 U.S.C. 3122(b), 3123(b).

☑ Continued on the attached sheet.

☑ Delayed notice of   30   days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Caleb Yokley, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.
    via FaceTime

Date:   **Jul 2, 2020**

Karen L. Litkovitz
United States Magistrate Judge

City and state:   Cincinnati, Ohio

## **AO 106 Attachment**

      See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by The Drug Enforcement Administration. *See* 18 U.S.C. §§ 3122(b), 3123(b).

      I declare under penalty of perjury that the foregoing is true and correct.

<u>July 02, 2020</u>                                        *s/Timothy S. Mangan*
DATE                                                     TIMOTHY S. MANGAN
                                                            Assistant United States Attorney

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(513) 258-5180,** with listed subscriber(s) JOHN JOHNSON (the "Target Cell Phone"), whose wireless service provider is **Sprint**, a company headquartered at 6200 Sprint Pkwy, Overland Park, KS 66211.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of **Sprint** and information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **Sprint**, is required to disclose the Location Information to the government. In addition, **Sprint** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **Sprint**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **Sprint**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **Sprint** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II. Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of **18 U.S.C. § 875 and/or 18 U.S.C. § 2101** involving **John Fitzgerald Johnson.**

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(513) 258-5180** | Case No. __1:20-mj-480_____<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Caleb Yokley, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (513) 258-5180, with listed subscriber(s) John Fitzgerald Johnson (the "Target Cell Phone"), whose service provider is Sprint, a wireless telephone service provider headquartered at 6200 Sprint Pkwy, Overland Park, KS 66211. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since 2019. I am assigned to the Cincinnati Division's Joint Terrorism Task Force. In this

capacity, I am responsible for investigating violations of Title 18 of the United States Code and other violations of federal law. I have conducted and participated in investigations that involved the use of advanced investigative techniques such as: execution of search warrants on computers, emails, other electronic devices and physical structures; physical and electronic surveillance, and vehicles. During my investigations, I have participated in witness interviews, subject interviews, and analysis of evidentiary items. I have received specialized training in interviewing and interrogation techniques, search and seizure, and other investigative techniques.

4. Prior to joining the FBI, I was an Assistant District Attorney (ADA) for the Knox County District Attorney's Office. As an ADA, I was primarily responsible for prosecuting criminal cases involving domestic violence, firearms offenses, as well as other misdemeanor and felony violations.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 875 and/or 18 U.S.C. § 2101 have been committed and are being committed by JOHN JOHNSON. Specifically, there is probable cause to believe that JOHNSON has made threats towards law enforcement officers and is participating in interstate travel with firearms for a protest and the potential purpose of executing his threats. There is also probable cause to believe that the location information described in Attachment B will provide evidence of JOHNSON's location, constitute evidence of these criminal violations, and will lead to the identification and location of the individual engaged in the commission of these offenses.

7. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

8. The United States, including the FBI, is conducting a criminal investigation of JOHN FITZGERALD JOHNSON (JOHNSON) regarding possible violations of 18 U.S.C. § 875 and/or 18 U.S.C. § 2101.

9. A May 27, 2020 video provided to the FBI showed the leader of a group, believed to be called "NFAC", inciting violence against the Minneapolis Police Department. The video called for people to go to Minneapolis with weapons in order to hold the two officers responsible for the killing of George Floyd.

10. The video was linked to several social media accounts under the monikers "theofficialgrandmasterjay" and "thegrandmasterjay." The account user was labeled "NFAC Founder." Open source searches on "NFAC" revealed the "Not Fucking Around Coalition" was formed after the death of Ahmaud Arbery. The leader was identified as "Grand Master Jay, ex-military, 2016 US Presidential Candidate." Analysis of "theofficialgrandmasterjay's" social media profile pictures and screenshots of a live stream video compared to law enforcement database information and photographs revealed the user of "theofficialgrandmasterjay" to be JOHN FITZGERALD JOHNSON (JOHNSON).

11. The investigation has revealed that JOHNSON has been residing in the Southern District of Ohio at 2475 Fox Sedge Way Apt G, West Chester, OH 45069. In addition, JOHNSON has visited the Shoot Point Blank gun range in the Southern District of Ohio.

3

12. On June 03, 2020, a confidential human source viewed social media posts on Youtube and Instagram posted by user "theofficialgrandmasterjay," believed to be JOHNSON. *While streaming on Instagram live, "theofficialgrandmasterjay" stated the only way to stop violence is to identify and locate the homes of police officers, burn the houses to the ground, kill the officer, their family members, and their associates.* The account showed a photograph of a person dressed in all black and a black mask wielding what appeared to be a black rifle with a black scope or optic.

13. On June 08, 2020, the following statement was made by JOHNSON, "at some point I am leaving I am not going to stay with you long. I am going to leave soon and I hope that you will follow me. If not I hope you learn something. My time is almost up here and I am not going to say I'm not going to miss you guys. I love all of you that's why I still come before you when people tell me I should be quite but the power of the internet is not to be underestimated. If it wasn't powerful they wouldn't ban, silence us or put on a mask to see what we what we were doing. I came I saw I delivered my message, I lead by example but it is written they will sing your praises on Monday and they will crucify you on Friday. You sang my praises and now you are starting to cruisy me. I am going to make this real short. I have another mission that I have accepted I have a bigger purpose that I have accepted. I am going to tell you take off the masks now." JOHNSON further stated he was planning a July 4th, 2020 "open carry" march with weapons.

14. The following are excerpts from a post made by JOHNSON on June 15, 2020 indicating his likelihood to travel with firearms on or around July 4th 2020: "We do our own shit on July 4th when we do our black guns formation that's our shit"…"This is us showing a little of our teeth and you want to set it off that would be the wrong thing to do because the world is

4

watching and I would hate for you to see a running gun fight on tv with hundreds of mother fuckers out there with weapons and white folks losing do you know what would happen"…"Vegas or Atlanta you get there and bring your heat."

15. JOHNSON has multiple videos on YouTube referencing travel on July 4th 2020 to Atlanta, Phoenix and Las Vegas. On June 17, 2020, JOHNSON's Instagram profile was made private, limiting the gathering of updated information on JOHNSON's travel plans. Prior to making the profile public, JOHNSON posted, "July 4th in two cities in America, Atlanta, Georgia; Las Vegas, Nevada, the largest all black open carry formation that the world has ever seen."

16. **JOHNSON's Use of Target Cell Phone.** On June 23, 2020, Sprint provided subscriber information for Target Cell Phone in response to a Federal Grand Jury Subpoena. The response from Sprint indicated that the Target Cell Phone was activated on August 22, 2007 with a contact name of JOHN JOHNSON and a billing address of 2475 Fox Sedge Way Apt G, West Chester, OH 45069. Additionally, on June 17, 2020, FBI spoke to Shawn Weir, Asset Protection Manager for Shoot Point Blank. Weir indicated JOHNSON had recently visited Shoot Point Blank and registered under the Target Phone Number 513-258-5180, and left the same address of 2475 Fox Sedge Way.

17. In my training and experience, I have learned that Sprint is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively

5

precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

18. Based on my training and experience, I know that Sprint can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available.

19. Based on my training and experience, I know that Sprint can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Sprint typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

**AUTHORIZATION REQUEST**

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

21. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22. I further request that the Court direct Sprint to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Sprint. I also request that the Court direct Sprint to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available, and at such

intervals and times directed by the government. The government shall reasonably compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

23. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

24. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Caleb Yokley
Special Agent
FEDERAL BUREAU OF INVESTIGATION

Subscribed and sworn to before me on_____July 2_____, 2020

_____
Karen L. Litkovitz
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(513) 258-5180,** with listed subscriber(s) JOHN JOHNSON (the "Target Cell Phone"), whose wireless service provider is **Sprint**, a company headquartered at 6200 Sprint Pkwy, Overland Park, KS 66211.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of **Sprint** and information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **Sprint**, is required to disclose the Location Information to the government. In addition, **Sprint** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **Sprint**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **Sprint**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **Sprint** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

### II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of **18 U.S.C. § 875 and/or 18 U.S.C. § 2101** involving **John Fitzgerald Johnson.**